**Dated: July 5, 2022**

**The following is ORDERED:**



PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:

**VESTER JOE WILLIAMS, II**              Case No. 18-80539-PRT
**LAURA LEA WILLIAMS**                  Chapter 13
                 Debtors.

### ORDER REGARDING TRUSTEE'S MOTIONS REGARDING SECTION 521(F)

Before the Court is the Trustee's Motion for Order Directing Compliance with 11 U.S.C. §521(f) (ECF No. 107). In addition to this case, the Trustee filed an identical motion in the following open cases: 19-80712 Derrick Anthony Dan, Jr. (ECF No. 44); 19-81015 Bradley James Beyer (ECF No. 116); 19-81182 Raymond Hardbarger and Omega Michelle Hardbarger (ECF No. 41); 20-80123 Jack Russell Hinds and Leeanna Mae Hinds (ECF No. 63); 20-81019 Arnold David Crase and Katessa Ann Crase[1](ECF No. 70); and 19-81350 Philip Brandon Black and Tammy

---

[1] In Case No. 20-81019, the Debtors filed Amended Schedules I and J on April 7, 2022, ECF No. 74.

Rose Black (ECF No. 158).[2] After reviewing the files in these cases, hearing the arguments of counsel and reviewing the applicable law, the Court declines to enter a prospective order in these cases setting forth a new procedure as requested.

**Background**

The Chapter 13 Trustee filed motions asking this Court to order certain chapter 13 debtors to annually provide tax returns and to annually file supplemental Schedules I and J or an affidavit stating that any such supplemental schedules would reflect the same information and amounts as the original or most recently filed supplemental or amended Schedules I and J. He also requests that this Court determine that §521(f)(4) is satisfied by debtors filing supplemental Schedules I & J between 75 – 45 days before anniversary of confirmation, and establish the procedure for obtaining this information in the future, whether by formal motion or filing a request or notice of request. In all but one case, the debtors are represented by attorney Greggory Colpitts. Debtors' Philip and Tammy Black are represented by Jimmy Veith.

During arguments made to this Court, the Trustee explained that he filed motions in these cases because Mr. Colpitts is the only attorney practicing in this district who refuses to annually file supplemental Schedules I and J in his clients' cases. Because of Colpitt's practice, the Trustee believed it would be futile to request information regarding increases in income prior to filing these motions. As for the Blacks, the Trustee advised that they have failed to provide tax returns on a timely basis and have a history of delayed responses to his requests for financial information.

---

[2] The Trustee also filed this motion in 17-81332 Windy Dawn Long, represented by Mr. Colpitts, but he withdrew the motion on June 29, 2022. *See* ECF Nos. 73, 88 and 89. The Trustee filed this motion in Case No. 19-80436 Saleem Shaikh, and Case No. 20-80907 Harold Ray Sallee, Jr. and April Renea Sallee. These debtors were represented by Mr. Colpitts. Shaikh's case was dismissed on March 25, 2022, ECF No. 158. The Sallees' case was dismissed on May 13, 2022, ECF No. 54.

In filing these motions, the Trustee is primarily interested in obtaining current information regarding a debtor's income. He monitors cases to determine which debtors have increases in income so that he can file modified plans increasing payments to unsecured creditors. He does review annual tax returns to determine whether there is an increase in income. However, as he has hundreds of cases to monitor, he asks the Court to put the burden on debtors to annually update their schedules or file an affidavit stating that if supplemental schedules were to be filed, they would reflect the same information and amounts as on the most recently filed schedules. While the Trustee believes updating schedules would be the least burdensome on debtors, they could comply with §521(f) by filing an annual detailed statement of income and expenses. This practice will inform him how a debtor's monthly income is calculated and allow him to determine whether to file a modified plan.

Mr. Veith argues that the Bankruptcy Code does not require debtors to annually file amended schedules when there is a change in income. He agrees that the Trustee is entitled to request information regarding a debtor's income. His practice is to provide current pay stubs to the Trustee to verify a debtor's income.

Mr. Colpitts argues that, like the Trustee, he too has hundreds of cases to monitor. Requiring him to update and file supplemental schedules each year in each case would place a tremendous burden on him and create extra costs that will likely be borne by unsecured creditors. He argues that because the plan already requires debtors to turn over tax returns annually to the Trustee, there is no need for another order. He notes that annual supplemental schedules are not required in the Northern District of Oklahoma. Colpitts concedes that §521(f) does authorize the Trustee or other party in interest to request tax returns and a statement regarding income and expenditures as outlined therein. However, he believes that a review of a debtor's tax return will

reveal whether income has increased, eliminating the need to file supplemental Schedules I and J. Colpitts argues that it is the Trustee's duty to review tax returns. He does so to verify whether taxes are due or refunds issued and can also review a debtor's reported income in the tax return. Colpitts suggests that if that information is insufficient, requests pursuant to §521(f) should be made in good faith.

## Applicable Law

The Trustee proceeds under §521(f) of the Bankruptcy Code, which is further defined in paragraph (g).[3] These paragraphs state:

> (f) At the request of the court, the United States trustee, or any party in interest in a case under chapter 7, 11, or 13, a debtor who is an individual shall file with the court--
>     (1) at the same time filed with the taxing authority, a copy of each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) with respect to each tax year of the debtor ending while the case is pending under such chapter;
>     (2) at the same time filed with the taxing authority, each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) that had not been filed with such authority as of the date of the commencement of the case and that was subsequently filed for any tax year of the debtor ending in the 3-year period ending on the date of the commencement of the case;
>     (3) a copy of each amendment to any Federal income tax return or transcript filed with the court under paragraph (1) or (2); and
>     (4) in a case under chapter 13--
>         (A) on the date that is either 90 days after the end of such tax year or 1 year after the date of the commencement of the case, whichever is later, if a plan is not confirmed before such later date; and
>         (B) annually after the plan is confirmed and until the case is closed, not later than the date that is 45 days before the anniversary of the confirmation of the plan;
> a statement, under penalty of perjury, of the income and expenditures of the debtor during the tax year of the debtor most recently concluded before such statement is filed under this paragraph, and of the monthly income of the debtor, that shows how income, expenditures, and monthly income are calculated.

---

[3] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*

    (g)(1) A statement referred to in subsection (f)(4) shall disclose--
        (A) the amount and sources of the income of the debtor;
        (B) the identity of any person responsible with the debtor for the support of any dependent of the debtor; and
        (C) the identity of any person who contributed, and the amount contributed, to the household in which the debtor resides.
    (2) The tax returns, amendments, and statement of income and expenditures described in subsections (e)(2)(A) and (f) shall be available to the United States trustee (or the bankruptcy administrator, if any), the trustee, and any party in interest for inspection and copying, subject to the requirements of section 315(c) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

The Eastern District of Oklahoma's Chapter 13 Plan contains the following provision regarding tax returns:

> **2.2 Income tax refunds.**
> Debtor(s) will timely file all required income tax returns and supply the Trustee with a complete copy (including all attachments) of each income tax return (both state and federal) filed during the Plan term within fourteen (14) days of filing the return and will turn over to the Trustee all net income tax refunds, minus earned income tax credits, received during the Plan term. Income tax refunds shall be paid to the Trustee in addition to the Plan payments stated above.[4]

In addition to §521(f), this Court's Local Rule 4002-1 outlines certain duties of the debtor:

> F. Debtor's Duties to Cooperate With Trustee. The debtors shall cooperate with the trustee and shall promptly respond to all requests for documentation. If the debtor does not believe that the debtor is required to provide any document or documents requested by the trustee, then the debtor must request an Order of the Court to excuse compliance with the trustee's request.

### Discussion

Upon the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, a consumer debtor's reporting requirements increased through the addition of § 521(f). In addition to providing annual tax returns, once a plan is confirmed, at the request of the court, a trustee or an interested party, §521(f)(4)(B) requires a debtor to file with the court a statement,

---

[4] Local Form 3015-1(B).

under penalty of perjury, of (1) income and expenditures of the most recently concluded tax year and (2) of the debtor's monthly income that shows how income, expenditures, and monthly income are calculated. Subsection (g)(1) expands upon what the sworn statement must include. The requirements of §521 assist a trustee in determining if a modification of the plan is warranted based upon additional income.[5] They "best ensure that debtors repay the maximum they can afford over the course of their Chapter 13 bankruptcy case."[6]

Based upon the clear language of this statute, there is no doubt that the Trustee can request this information. It also appears that filing supplemental Schedules I and J 45 days before the anniversary of confirmation would satisfy the requirements of §521(f)(4)(B) and (g) for a statement of income and expenditures. Schedule I includes a section in which the debtor lists any person who contributes to household expenses and the amount contributed, child support, amount and source of income. Schedule J includes detailed information regarding expenditures. Whether debtors file supplemental schedules or a "statement," the debtors must sign under penalty of perjury.

Neither the Trustee nor debtors' counsel cited any specific case law regarding requests made pursuant to §521(f). This Court's research indicates that while courts have granted such requests and entered prospective orders for the remainder of a plan term, they did so where the specific circumstances of the case warranted such an order. In *In re Nunez,* Judge Romero granted a trustee's request for "updated" Schedules I and J to reflect changes in income and expenses when debtors moved to modify their plan. The trustee argued that he needed this information to assess

---

[5] *In re Pautin,* 521 B.R. 754, 764 (Bankr. W.D. Tex. 2014) (Debtor who failed to disclose tax refunds and increased income ordered to provide quarterly pay advices to Chapter 13 Trustee post-confirmation.).
[6] *In re King,* 2010 WL 4363173, at *3 (Bankr. D. Colo. Oct. 27, 2010).

the feasibility of the debtors' modified plan and their good faith.[7] The court rejected the debtors' arguments that the duty to provide updated schedules only arises if specifically required by the plan, that the trustee only sought the information to justify increased plan payments, and that the request was unduly burdensome. The court found that the debtors must provide such information in accordance with their duty to propose a confirmable plan pursuant to §1325(a).

Similarly, Judge McNamara held that a Chapter 13 Trustee is generally entitled to income and expenditures information, amounts and sources of income of the debtor pursuant to §521(f)(4) and (g), even though compliance with the request may pose additional burdens on debtors. Because of the unique circumstances of the case involving bonus income of the debtor not readily ascertainable in a tax return, Judge McNamara directed that the confirmation order include a directive that the debtor comply with the statute and provide a statement of income and expenditures annually.[8]

Apart from Debtors Philip and Tammy Black, the parties did not advise the Court of any unique circumstances or particular facts indicating a cause for concern that the debtors in these cases are under-reporting income, not acting in good faith, or being uncooperative. Instead, the Trustee filed these motions primarily because of Mr. Colpitts' refusal to automatically file supplemental Schedules I and J. The Court recognizes that §521 does not require the Trustee or an interested party to show cause to request and receive the information. However, it appears that other courts have relied on such facts before entering prospective orders in individual cases.

The Court greatly appreciates the service the Trustee provides to this Court and to all parties who appear in Chapter 13 cases. The Court commends the Trustee's diligent efforts to

---

[7] *In re Nunez*, 2014 WL 4473842 (Bankr. D. Colo. Sept. 14, 2014).
[8] *In re Styerwalt,* 610 B.R. 356, 388 (Bankr. D. Colo. 2019).

ensure that debtors pay as much as possible to their unsecured creditors. Nevertheless, as the Trustee concedes, the Bankruptcy Code does not require Chapter 13 debtors to annually file amended or supplemental Schedules I and J nor does it require a sworn statement unless specifically requested. The Court believes that there are procedures in place in this District which allow the Trustee to obtain needed financial information from debtors without the need for a new procedure or prospective orders. Therefore, the Court will not enter a prospective order requiring amended schedules in these cases or a standing order directing Mr. Colpitts' clients or all debtors to do so in this District. In cases in which the Trustee has not requested the information specified in §521(f), the Court would expect him to do so if he believes circumstances or a review of tax returns prompt the need for clarification or verification. The Court would also expect that the parties will cooperate in the exchange of information between the Trustee and debtors. Debtors are required to cooperate with the Trustee and provide requested information. If a debtor fails to respond to a request, a motion to dismiss or motion to compel could be filed by the Trustee. If the Trustee requests certain documentation that debtors do not believe they are required to provide, they should follow the procedure in Local Rule 4002-1(f) by objecting to the request and seeking an order excusing compliance from this Court.

The Eastern District Local Chapter 13 Plan requires debtors to timely file all required income tax returns and provide complete copies of their tax returns to the Trustee within fourteen (14) days of filing the returns. The Court finds that no further order is needed requiring debtors to turn over tax returns to the Trustee. The entry of such an order would be redundant and therefore unnecessary since the language of the confirmed Chapter 13 plans already orders debtors to provide tax returns annually to the Trustee.[9]

---

[9] *See* Local Form 3015-1(B) Chapter 13 Plan, Part 2.2.

## Conclusion

The Court finds that the circumstances presented by the parties in these cases do not warrant a change in procedures or the entry of prospective orders.

Accordingly,

IT IS THEREFORE ORDERED that the Trustee's Motion for Order Directing Compliance with 11 U.S.C. §521(f) filed in the following cases is hereby **denied without prejudice,** and the Court Clerk is directed to file this Order therein: 18-80539 Vester Joe Williams II & Laura Lea Williams (ECF No. 107); 19-80712 Derrick Anthony Dan, Jr. (ECF No. 44); 19-81015 Bradley James Beyer (ECF No. 116); 19-81182 Raymond Hardbarger and Omega Michelle Hardbarger (ECF No. 41); 20-80123 Jack Russell Hinds and Leeanna Mae Hinds (ECF No. 63); 20-81019 Arnold David Crase and Katessa Ann Crase (ECF No. 70); and 19-81350 Philip Brandon Black and Tammy Rose Black (ECF No. 158).

###